**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LISA M. HARVEY, on behalf of
herself and other similarly situated,**

    Plaintiff,

v.                                           **CIVIL ACTION NO.: 3:15-CV-58
(GROH)**

**RANSON GOLDEN HORSESHOE, INC.,
and LINDA L. SULLIVAN,**

    Defendants.

**ORDER SETTING HEARING ON RENEWED JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL**

Currently pending before the Court is the parties' Renewed Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal. ECF No. 32.

**I. Background**

Previously, on February 4, 2016, the parties filed their first joint motion for approval of settlement agreement and entry of an order of dismissal. ECF No. 30. In their motion, the parties submitted that the settlement agreement was fair and reasonable, but indicated that its precise terms were confidential. Because the Court was unable to review the terms of the agreement, and thus could not "scrutiniz[e] the settlement for fairness," Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), the motion was denied. ECF No. 31. Thereafter, on March 3, 2016, the parties filed their renewed joint motion for approval of settlement agreement and entry of an order of

dismissal, which is now before the Court. The settlement agreement is attached to the renewed motion.

The agreement provides that Defendant Golden Horseshoe will pay the Plaintiff $35,000.00 "in full satisfaction of all claims and demands" arising out of this case, with $23,016.84 to be made payable to the Plaintiff and $11,983.16 to be made payable to her counsel. ECF No. 32-1 at 1. A confidentiality clause is present, stating that the parties agree that all terms and conditions of the agreement will remain "strictly confidential . . . except as . . . required by law," and disclosure of any such terms and conditions "will be deemed a breach of [the] Agreement." ECF No. 32-1 at 3. Near the end of the agreement is a provision regarding severability, which states, "If any provision of this Agreement is held by a court to be illegal, invalid or unenforceable . . . such provision shall be fully severable and this Agreement shall be construed and enforced as if such . . . provision never comprised a part of this Agreement." ECF No. 32-1 at 4.

## II. Applicable Law

Claims arising under the FLSA are matters of public concern. See Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986); Owino v. IBM Corp., No. 1:12-CV-1041, 2013 WL 2947146, at *1-2 (M.D.N.C. June 14, 2013); Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 645-47 (S.D.N.Y. 2011); Baker v. Dolgencorp, Inc., 818 F. Supp. 2d 940, 943 (E.D. Va. 2011). As such, a private settlement agreement in an FLSA case cannot be executed unless a court first finds that it is fair and reasonable. See Lynn's Food, 679 F.2d at 1353; Owino, 2013 WL 2947146, at *1; Galvez v. Americlean Servs. Corp., No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012); Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D.

Va. May 5, 2010). In determining whether a settlement agreement is fair and reasonable, courts consider the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [the parties] . . . after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of [the] plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (first citing Flinn v. FMC Corp., 528 F.2d 1169, 1173-74 (4th Cir. 1975); then citing In re A.H. Robins Co., 88 B.R. 755, 759 (E.D. Va. 1988)). Courts should also consider the reasonableness of attorney's fees awarded in the agreement, see Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished per curiam), as "the FLSA requires judicial review . . . of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Carr v. Rest Inn, Inc., No. 2:14-cv-609, 2015 WL 5177600, at *3 (E.D. Va. Sept. 3, 2015) (internal quotation omitted) (quoting Poulin, 2010 WL 1813497, at *1).

### III. Discussion

Upon review of the renewed motion and the settlement agreement attached thereto, the Court finds various deficiencies. First, the parties provide no justification for the amount awarded to the Plaintiff under the agreement. Specifically, no formula or reasoning is presented in support of the specified sum. But see Lomascolo, 2009 WL 3094955, at *16 ("The Settlement Agreement describes in detail the formula the Parties

3

negotiated to determine the value of overtime worked by Plaintiffs, and how they arrived upon each amount listed."). Indeed, the parties fail to discuss how many hours of unpaid work the Plaintiff is allegedly owed or the Plaintiff's potential recovery if trial concluded in her favor. Because the Court cannot compare the Plaintiff's potential recovery with the figure provided in the proposed settlement agreement, the Court is unable to determine if the award to the Plaintiff is reasonable. See Galvez, 2012 WL 1715689, at *3 ("[T]he parties provide no information as to Plaintiffs' regular rates of pay or the number of hours Plaintiffs worked during the three years prior to the filing of the complaint. . . . Without such information . . . the Court is unable to compare Plainitffs' potential recovery with the amount of the proposed settlement and hence cannot assess whether the proposed settlement amount is reasonable.")

Second, the parties provide no justification for the amount of attorney's fees awarded via the agreement. Nothing exists within the record demonstrating the time expended by counsel for the Plaintiff, the research involved in preparing for trial, time spent in negotiations or the complexity of this case. But see Carr, 2015 WL 5177600, at *3-4 (reviewing the evidence given in support of reasonable attorney's fees, including an itemized billing statement, the billable rate charged by counsel, the number of hours invested by counsel and work performed by paralegals). Therefore, the Court cannot determine the reasonableness of attorney's fees.

Finally, although the agreement's confidentiality provision contains an exception—that the terms and conditions need not be kept private if law requires them to be disclosed—the entire provision is a farce. In FLSA cases, "the public has an 'independent interest in assuring that employees' wages are fair and thus do not endanger the national

health and well-being.'" Joo, 763 F. Supp. 2d at 645 (quoting Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010)). Here, the parties attached the settlement agreement to the underlying motion. It was not filed under seal—nor should it have been. Today, the agreement is open on this Court's docket, available for the public to see. The agreement's confidentiality provision is not only unreasonable under the FLSA, but inconsistent in light of its current public availability. See Poulin, 2010 WL 1813497, at *2 ("[A] confidentiality provision in an FLSA settlement agreement undermines the purposes of the Act, for the same reasons that compelled the Court to deny the parties' motion to seal their Settlement Agreement.").

### IV. Conclusion

In light of the foregoing, the Court hereby **ORDERS** the parties to appear for a hearing on the Renewed Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal [ECF No. 32] on **June 13, 2016, at 2:00 p.m. in the Martinsburg District Judge Courtroom.** During the hearing, the Court will hear argument from the parties concerning the fairness and reasonableness of the settlement agreement in accordance with the seven factors described in this Order.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** May 16, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE